UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEE CLARK, III,
a/k/a Tebtu Shekem'Kha Bey,

                    Plaintiff,

v.                                                      Civil Case No. 23-10759
                                                        Honorable Linda V. Parker

STATE OF MICHIGAN, et al.,

                    Defendants.

_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

James Lee Clark, III, also known as Tebtu Shekem'Kha Bey (hereafter "Plaintiff") has filed a pro se complaint seeking to enjoin what appears to be ongoing state criminal proceedings against him arising from a failure to pay child support.   Plaintiff, who claims to be a Moorish American, asserts that he is a sovereign citizen not subject to state law and cannot be bound by a contract to pay support, and that forcing him to do so constitutes involuntary servitude.   Plaintiff also has filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.   The Court is granting Plaintiff's IFP application but is summarily dismissing his Complaint pursuant to § 1915(e)(2).

Under § 1915, a court must dismiss a case in which the plaintiff proceeds IFP "at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B).   A complaint is frivolous if it lacks an arguable basis

in law or in fact.   *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).   The term

"frivolous" "embraces not only the inarguable legal conclusion, but also the

fanciful factual allegation."   *Id.* at 325.

First, from what the Court can discern, Plaintiff claims that the proceedings

against him—and/or the child support obligation itself—are unlawful solely

because he is a Moorish American and thus not subject to the laws of the United

States (i.e., he is a "sovereign citizen").   Complaints raising such claims are

routinely dismissed as meritless in this District.   *See, e.g., People of Temple No.

13 v. Michigan*, No. 21-cv-10328, 2021 U.S. Dist. LEXIS 49002 (E.D. Mich. Mar.

16, 2021); *Moors on behalf of Grady El v. Canton Police Dep't*, 20-cv-10361,

2020 WL 2308679 (E.D. Mich. May 8, 2020); *Grayson-Bey v. Hutchinson*, No. 20-

cv-10487, 2020 WL 1047730 (E.D. Mich. Mar. 4, 2020).   As the Honorable

Nancy Edmunds summarized in *People of Temple No. 13.*:

> Arguments based on sovereign citizen theories "have been
> uniformly rejected by the federal courts" for decades, *Smith v.
> Heyns*, No. 13-14013, 2014 U.S. Dist. LEXIS 100838, at *3
> (E.D. Mich. July 24, 2014); *see also United States v. Ward*, No.
> 98-30191, 1999 U.S. App. LEXIS 9255, at *506 (96th Cir. May
> 13, 1999) (noting that arguments based on sovereign citizen
> theories are ordinarily rejected "without extended argument").

2021 U.S. Dist. LEXIS 49002, at *3.

Moreover, Plaintiff is asking a federal court to enjoin criminal state proceedings and, as such, his complaint is subject to dismissal under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).   In *Younger*, the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions.   *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). "*Younger* . . .  'designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court.'"   *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)); *see also Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

"To abstain under *Younger*, '(1) there must be ongoing state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise

constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)).   "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state court criminal proceedings."   *Squire*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 5354).

All three requirements are met here.   First, Plaintiff alleges that there are criminal proceedings pending against him in a Michigan state court.   *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).   Second, state criminal proceedings and state proceedings related to child support clearly involve important state interests.   *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000) (finding that pending state criminal proceedings involve important state interests); *Parker v. Turner*, 626 F.2d 1,4 (6th Cir. 1980) (recognizing that matters relating to domestic relations cases and child custody disputes implicate important state interests when abstaining under *Younger* from a constitutional challenge to state child support proceedings); *see also Younger*, 401 U.S. at 50.   Third, Plaintiff's state criminal proceedings provide an adequate opportunity to raise constitutional challenges and Plaintiff fails to allege facts indicating that he is or will be unable to raise constitutional claims in the state courts.   *See Pennzoil Co.*

4

*v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995).   Abstention is therefore appropriate, and Plaintiff's Complaint must be dismissed.

Lastly, claims asserting the violations of one's rights under the United States Constitution generally must be raised under 42 U.S.C. § 1983.   *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights).   It is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.   *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 69192 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (explaining that the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).   Plaintiff, however, alleges no facts indicating what any of the named defendants personally did or did

5

not do that violated his constitutional rights.   Conclusory allegations are insufficient to state a civil rights claim under § 1983.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).   Plaintiff also does not allege facts suggesting that any claimed injury is the result of any Michigan, Oakland County, or state court policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or regulate employees.   *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

For all of these reasons, the Court concludes that Plaintiff's Complaint must be summarily dismissed.   Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.   Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 27, 2023

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 27, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager